IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KENNETH ROONEY, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 4:07-CV-302-A |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Kenneth Gale Rooney, TDCJ-ID #478865, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, and is currently incarcerated in Overton, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

C. FACTUAL AND PROCEDURAL HISTORY

Rooney is serving a 99-year state sentence for his 1990 murder conviction in the Criminal District Court Number Three of Tarrant County, Texas, Case No. 0363106D. (Transcript at 91.) The Second District Court of Appeals of Texas affirmed the trial court's judgment on September 11, 1991. *Rooney v. Texas*, 815 S.W.2d 903 (Tex. App.–Fort Worth 1991, no pet.). Rooney did not file a petition for discretionary review. (Petition at 3.) Thus, the judgment became final ninety days later on December 10, 1991. *See* Tex. R. App. P. 68.2(a).

It appears Rooney has filed three relevant state applications for writ of habeas corpus challenging his 1990 conviction. The first, filed on April 15, 1994, was denied without written order by the Texas Court of Criminal Appeals on May 18, 1994. *Ex parte Rooney*, State Habeas Application No. 26,043-02, at cover. The second, filed on August 8, 1997, was denied without written order by the Texas Court of Criminal Appeals on May 6, 1998. *Ex parte Rooney*, State Habeas Application No. 26,043-03, at cover. The third, filed on December 18, 2006, was denied without written order by the Texas Court of Criminal Appeals on January 17, 2007. *Ex parte Rooney*, Application No. WR-26,043-04. Rooney filed this federal petition on April 5, 2007.[1] As ordered, Quarterman has filed a preliminary response addressing only the issue of limitations, to which Rooney filed "objections."

D. ISSUES

Rooney claims he was denied effective assistance of trial and appellate counsel and a meaningful appeal. (Petition at 7.)

---

[1] A pro se habeas petition is filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

E.  STATUTE OF LIMITATIONS

Quarterman asserts that Rooney's petition should be dismissed with prejudice because his petition is time-barred. (Resp't Answer 3-9.) The Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), effective April 24, 1996, imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Petitioners attacking convictions which became final before the AEDPA's effective date have one year from the effective date of the Act, or until April 24, 1997, to file a federal habeas corpus action. *Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998); *United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998).

3

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. The state court's judgment became final on December 10, 1991, prior to the effective date of the AEDPA. Thus, Rooney's petition was due on or before April 24, 1997, absent any applicable tolling. *Flanagan*, 154 F.3d at 202. Rooney's state habeas applications filed after the federal limitations period had already expired did not operate to toll the running of the federal period for purposes of § 2244(d)(2). *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has Rooney demonstrated that he is entitled to tolling as a matter of equity.

Equitable tolling of the statute of limitations is permitted only if rare and exceptional circumstances beyond a prisoner's control make it impossible to file a petition on time. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The doctrine applies principally when a petitioner is actively misled by a party about the cause of action or is prevented in some extraordinary way from asserting his rights. *See Coleman*, 184 F.3d at 402. In order for equitable tolling to apply, the applicant must diligently pursue § 2254 relief. *Id.* The petitioner bears the burden of establishing entitlement to equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). Rooney does not assert a valid reason for his failure to file his petition in a timely manner, and the record reveals none. *See Cofer v. Johnson*, 226 F.3d 643 (5th Cir. July 14, 2000) (unpublished disposition) (claim for equitable tolling based on delay in receiving copy of state court records rejected); *Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000) (ineffective assistance of appellate counsel in state court not relevant to question of tolling federal statute of limitations); *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) (ignorance of the law, lack of knowledge of filing deadlines, prisoner's pro se status, illiteracy, and lack of legal training do not support equitable tolling of the federal statute of limitations); *Fisher v. Johnson*, 174 F.3d 710, 715-16 (5th Cir. 1999) (although mental

incompetency may support tolling of federal statute of limitations, such mental illness must render petitioner unable to pursue his legal rights during the relevant time period); *Flanagan*, 154 F.3d at 199 n.1 (mere existence of an application for state habeas relief does not prevent the one year limitation period from beginning until the state habeas application is finally decided); *Roughley v. Cockrell*, 45 Fed. Appx. 326, 2002 WL 1899622, at *2 (5th Cir. July 12, 2002) (claim for equitable tolling based on inmate's unfulfilled request for state court records rejected); *Kiser v. Dretke*, Civil Action No.4:04-CV-494, 2004 WL 2331592, at *2 (N.D.Tex. Oct. 15, 2004) ("[d]ifficulty obtaining records and lack of money to pay for copies are common problems among inmates who are trying to pursue post-conviction habeas relief and, thus, do not present exceptional circumstances that warrant equitable tolling"); *Aragon v. Dretke*, Civil Action No. 4-04-CV-607-Y, 2005 WL 43973 at *1 (N.D.Tex. Jan.6, 2005) (petitioner not entitled to equitable tolling without evidence that claimed mental disability prevented him from understanding and asserting his legal rights during relevant time period); *Hughes v. Dretke*, Civil Action No. 4:04-CV-802-Y, 2004 WL 2921841, at *2 (N.D.Tex. Dec. 15, 2004) (fact that there is no defined time limit on bringing state habeas application irrelevant to computation of federal limitations period under § 2244(d)(1)(A); *Hughes v. Cockrell*, Civil Action No. 3:01-CV-2256-L, 2003 WL 21510812, at *4 (N.D.Tex. Mar. 31, 2003) (rejecting claim that IQ of 81, standing alone, entitled petitioner to equitable tolling). Thus, this is not a case where the petitioner should benefit from equitable tolling.

Rooney's federal petition filed on April 5, 2007, was filed beyond the limitations period and is, therefore, untimely.

## II. RECOMMENDATION

Rooney's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until September 21, 2007. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until September 21, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby

is returned to the docket of the United States District Judge.

SIGNED August 31, 2007.

    /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE