U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP 2 8 2007

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

KENNETH ROONEY,

        Petitioner,

VS.

NATHANIEL QUARTERMAN,
DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS
DIVISION,

        Respondent.

§
§
§
§
§
§
§
§
§
§
§
§
§

NO. 4:07-CV-302-A

ORDER

Came on for consideration the above-captioned action wherein Kenneth Rooney ("Rooney")[1] is petitioner and Nathaniel Quarterman, Director, T.D.C.J., Correctional Institutions Division, is respondent. This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On August 31, 2007, the United States Magistrate Judge issued his proposed findings, conclusions, and recommendation, and ordered that Rooney file objections, if any thereto, by September 21, 2007. Rooney timely filed his objections.

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a de novo determination of those portions of the proposed findings,

_____

[1]In his objections, Rooney notes that the United States Magistrate Judge may have incorrectly stated the parties, identifying a "Kenneth Gale Rooney" with a Texas Department of Criminal Justice identification number different than that of petitioner. If the Magistrate Judge did make such an error, it is harmless because Rooney agrees that the Magistrate Judge correctly stated the factual and procedural history of his case.

conclusions, and recommendation to which specific objection is made. United States v. Raddatz, 447 U.S. 667, 673-75 (1980). The court need not address any nonspecific, frivolous, or conclusory objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

The Magistrate Judge recommends that Rooney's petition be dismissed with prejudice as time-barred. In order for Rooney's § 2254 petition to be timely, absent any equitable tolling of the statute of limitations, he would have had to have filed it before April 24, 1997. See Flanagan v. Johnson, 154 F.3d 196, 200 (5th Cir. 1998). Rooney missed the mark by almost a decade, filing his petition on April 5, 2007.

In his only specific objection, Rooney contends that he is entitled to equitable tolling of the statute of limitations because (1) he makes a claim of actual innocence, and (2) it has taken him seventeen years to get a complete copy of the trial court record. Equitable tolling of the statute of limitations is permitted only in rare and exceptional circumstances. Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). An actual innocence claim does not constitute rare and exceptional circumstances. Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000).

Likewise, Rooney has not shown rare and exceptional circumstances by asserting that it has taken him seventeen years to receive a complete copy of the trial record. The record contains a letter dated April 25, 2002, from the state law library informing Rooney that the library could not obtain his

records.  Rooney has presented nothing to show he used diligence to obtain the records at any time prior to receiving this letter. In order to avail himself of equitable tolling, Rooney would have to show that he diligently sought to obtain the trial record in pursuit of federal habeas relief.  See Coleman v. Johnson, 184 F.3d 398, 403 (5th Cir. 1999) ("In order for equitable tolling to apply, the applicant must diligently pursue his § 2254 relief.").[2]  Rooney has not presented rare and exceptional circumstances as would warrant tolling the statute of limitations for almost ten years.  See Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000) (holding pro se petitioner did not present rare and exception circumstances when he was ignorant of the law and filing deadlines due to inadequate prison library); Cofer v. Johnson, 2000 WL 1029201, at *1 (5th Cir. July 14, 2000) (holding that the petitioner had not shown diligent pursuit of federal habeas rights when he had waited more than six months after the court of appeals affirmed his conviction before even ordering the state court records for use in habeas proceedings).

Therefore,

The court accepts the findings, conclusions and recommendation of the Magistrate Judge and ORDERS that the petition of Kenneth Rooney for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed with prejudice.

---

[2]Since 1994, Rooney has filed four state habeas petitions.  He has not presented any rare and exceptional circumstances that might explain why he has been able to diligently pursue state habeas relief but not federal habeas relief.

The court further ORDERS that the document submitted by petitioner, Kenneth Rooney, titled, "Petitioner's Motion to Amend Original Complaint," be, and is hereby, dismissed as moot.

SIGNED September 28, 2007.

_____
JOHN McBRYDE
United States District Judge